UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

NELSON I. VARGAS
and other similarly situated individuals,

    Plaintiff(s),

v.

FREDY LANSCAPING INC ,
and FREDY O. CABEZAS, individually

    Defendants,

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff NELSON I. VARGAS, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants FREDY LANSCAPING INC, and FREDY O. CABEZAS, individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid half-time overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff NELSON I. VARGAS is a covered employee for purposes of the Act. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant FREDY LANSCAPING INC (hereinafter FREDY LANSCAPING, or Defendant) is a Florida corporation, having a business in Dade County, Florida, where Plaintiff worked. Defendant was engaged in interstate commerce.

4. The individual Defendant FREDY O. CABEZAS was and is now the owner/partner/officer and operator of Defendant Corporation FREDY LANSCAPING. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Dade County, Florida, within this Court's jurisdiction.

## GENERAL ALLEGATIONS

6. Plaintiff NELSON I. VARGAS brings this cause of action as a collective action to recover from the Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"). Plaintiff also brings this action on behalf of all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after July 2020, (the "material time") without being properly compensated.

7. Defendant FREDY LANSCAPING is a full-service landscaping company located in Miami, Dade County, where Plaintiff worked.

8. Defendants FREDY LANSCAPING and FREDY O. CABEZAS employed Plaintiff NELSON I. VARGAS approximately from July 01, 2020, to February 11, 2021, or 32 weeks.

9. Plaintiff was hired as a non-exempted full-time landscaper, and he was paid at the daily rate of $120.00.

10. During his employment with Defendants, Plaintiff had a regular schedule, and he worked 5 days, from Monday to Friday from 7:30 AM to 5:00 PM. (9.5 hours daily). Plaintiff was unable to take bonafide lunch hours.

11. Once per month Plaintiff also worked on Saturdays, or 6 days per week, in those weeks Plaintiff completed 57 working hours. Plaintiff was unable to take bonafide lunch hours.

12. Thus, while employed by Defendants Plaintiff worked 24 weeks of 5 days with 47.5 working hours, and 8 weeks of 6 days with 57 working hours.

13. Plaintiff always worked more than 40 hours weekly, but he was not paid for overtime hours as required by the FLSA.

14. Plaintiff did not clock in and out. However, the Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

15. Therefore, Defendants willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half his regular rate for every hour that he worked more than forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

16. Plaintiff was paid weekly with cash, without any record or paystubs providing information about the number of days and hours worked, wage-rate paid, employee taxes deducted, etc.

17. Plaintiff was not in agreement with the wages received every week, and he complained to the owner of the business FREDY O. CABEZAS multiple times.

18. On or about September 30, 2019, Plaintiff was fired from his position with Defendants.

19. Plaintiff NELSON I. VARGAS seeks to recover half-time overtime wages for every hour over 40 that he worked, liquidated damages, and any other relief as allowable by law.

20. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

21. Plaintiff NELSON I. VARGAS re-adopts every factual allegation stated in paragraphs 1-20 above as if set out in full herein.

22. Plaintiff NELSON I. VARGAS brings this cause of action as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after July 2020, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

23. Defendant FREDY LANSCAPING was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a landscaping company and is engaged in interstate commerce.  Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently supplies produced out of state by using interstate commerce's instrumentalities to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross

revenue of the Employer/Defendant was always more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

24. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. The Plaintiff and those similarly situated regularly handled and worked on goods and materials produced for commerce and were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

25. Defendants FREDY LANSCAPING and FREDY O. CABEZAS employed Plaintiff NELSON I. VARGAS approximately from July 01, 2020, to February 11, 2021, or 32 weeks.

26. Plaintiff was hired as a non-exempted full-time landscaper, and he was paid at the daily rate of $120.00.

27. During his employment with Defendants, Plaintiff had a regular schedule, and he worked 5 days, from Monday to Friday from 7:30 AM to 5:00 PM. (9.5 hours daily). Plaintiff was unable to take bonafide lunch hours.

28. Once per month Plaintiff also worked on Saturdays, or 6 days per week, in those weeks Plaintiff completed 57 working hours. Plaintiff was unable to take bonafide lunch hours.

29. Thus, while employed by Defendants Plaintiff worked 24 weeks of 5 days with 47.5 hours, and 8 weeks of 6 days with 57 working hours.

30. Plaintiff always worked more than 40 hours weekly, but he was not paid for overtime hours as required by the FLSA.

31. Plaintiff did not clock in and out. However, the Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

32. Therefore, Defendants willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half his regular rate for every hour that he worked more than forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

33. Plaintiff was paid weekly with cash, without any record or paystubs providing information about the number of days and hours worked, wage-rate paid, employee taxes deducted, etc.

34. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation paid to such employees should be in the Defendants' possession and custody. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

35. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

37. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

38. Before the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    * Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       One Thousand Nine Hundred Ninety-Seven Dollars and 12/100 ($1,997.12)

    b. <u>Calculation of such wages</u>:

       Total weeks of employment: 32 weeks
       Total number of relevant weeks: 32 weeks
       Regular wage rate: $120.00 daily

### 1.- Half-time Overtime for 24 weeks with 5 days/ 47.5 working hours

Total relevant weeks: 24 weeks
Total hours worked:  47.5 hours weekly
Total unpaid O/T hours: 7.5 O/T hours weekly
Daily wage rate: $120.00 x 5 days=$600.00:47.5 hours=$12.64 an hour
Regular rate: $12.64: 2 = $6.32 half-time O/T
Half-time O/T: $6.32

Half-time $6.32 x 7.5 O/T hours=$47.40 weekly x 24 weeks=$1,137.60

### 2.- Half-time Overtime for 8 weeks with 6 days/ 57 working hours

Total relevant weeks: 8 weeks
Total hours worked:  57 hours weekly
Total unpaid O/T hours: 17 O/T hours weekly
Daily wage rate: $120.00 x 6 days=$720.00:57 hours=$12.64 an hour
Regular rate: $12.64: 2 = $6.32 half-time O/T
Half-time O/T: $6.32

Half-time $6.32 x 17 O/T hours=$107.44 weekly x 8 weeks=$859.52

Total # 1 and #2: $1,997.12

  c. <u>Nature of wages (e.g., overtime or straight time):</u>

  This amount represents unpaid half-time overtime wages.

39. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked over the maximum hours provided by the Act, but no provision was made by the Defendants to pay them at the rate of time properly and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

40. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendants as set

forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

41. At times mentioned, individual Defendant FREDY O. CABEZAS was the owner/partner/manager of FREDY LANSCAPING. Defendant FREDY O. CABEZAS was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of FREDY LANSCAPING concerning its employees, including Plaintiff and others similarly situated. Defendant FREDY O. CABEZAS had absolute financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

42. Defendants FREDY LANSCAPING and FREDY O. CABEZAS willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

43. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff NELSON I. VARGAS and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff NELSON I. VARGAS and other similarly situated

individuals and against the Defendants FREDY LANSCAPING and FREDY O. CABEZAS based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff NELSON I. VARGAS actual damages in the amount shown to be due for unpaid overtime compensation for hours worked over forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff NELSON I. VARGAS demands trial by a jury of all issues triable as of right by a jury.

Dated:  March 25, 2021

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*